Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission modifies in part and adopts in part the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the I.C. Form 21, Agreement for Compensation, which was approved by the Commission on 15 February 1993, in the Form 26 Supplemental Agreements, which were approved on 18 November 1993, 31 March 1994, and 28 April 1994 respectively, in their Pre-Trial Agreement which was filed on 20 May 1999, which are incorporated herein by reference, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Aetna Casualty Surety was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on 30 November 1992, as a result of which the parties entered into the Form Agreements. Plaintiff has received temporary total and temporary partial disability benefits pursuant to these Agreements.
5. Plaintiffs average weekly wage was $326.00, which yields a maximum compensation rate of $217.34 per week.
6. The parties stipulated the following documentary evidence into the record:
a. Plaintiffs Exhibit 1, Accident Investigation, three pages,
b. Plaintiffs Exhibit 2, Employee Health Records, seven pages,
c. Plaintiffs Exhibit 3, Sampson Hospital Records, two pages,
d. Plaintiffs Exhibit 4, UNC Hospitals Records, twenty-seven pages, and
e. Plaintiffs Exhibit 5, Duke University Medical Center Records, fourteen pages.
***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-three year old female. She worked in packing and overhead processing with defendant-employer, a meat processor, at the time of the injury giving rise to this claim.
2. On 30 November 1992, plaintiff was injured when a steel hook caught in her left eye as she was getting bacon from the cooler. As a result of the accident, she sustained damage to her left inferior canaliculus.
3. Plaintiff was initially taken to Sampson County Memorial Hospital where she was treated by Dr. J. T. Woods, who inserted a tube through the superior and inferior canaliculus.
4. After the intubation procedure was unsuccessful, plaintiff was referred to Dr. Thomas Lawrence at UNC Hospitals. On 6 January 1993, Dr. Lawrence inserted a Crawford tube to stint plaintiffs nasolacrimal system. However, plaintiff continued to experience excess tearing and on 30 March 1993, the tube was removed.
5. After plaintiffs left inferior canaliculus became obstructed, Dr. Arthur Chandler performed a three-snip procedure, inserting a Chandler tube on 22 February 1994. The Chandler tube is a glass tube which is used to completely bypass and replace the tear drainage system by creating a hole in the bone through which tears can drain directly from the inner corner of the eye to the nose. This method is considered a last resort, for use when the tear drainage system is no longer functional.
6. In an attempt to limit plaintiffs excessive tearing, Dr. Chandler recommended plaintiff be moved from the cold area of the employers business, as cold temperatures increased the production of tears. Plaintiff was ultimately moved to a different part of defendants workplace.
7. On 14 March 1995, the Chandler tube was replaced after it became dislodged.
8. After plaintiff continued to have left eye pain and excessive tearing, she was referred to Duke University Medical Center. On 25 July 1996, ophthalmologist Dr. Jonathan Dutton had determined that perhaps the Chandler tube system was used prematurely, and he removed the malpositioned tube and scar tissue in order to reconstruct the inferior canaliculus and replace the Chandler tube with silastic tubing. Over the next eighteen months the stints became dislocated several times and had to be repositioned. By 26 November 1997, plaintiff felt that the tearing was worsening. Tests showed that approximately half of plaintiffs tear production was successfully draining into her nose.
9. Plaintiffs problems continued and on 6 January 1998, Dr. Dutton did a reconstruction of the canaliculus with a Holmium laser, and inserted another stint. By this time, there was excessive scarring in the reconstructed duct, drawing the duct tight around the tube and limiting its drainage capabilities. Dr. Dutton left the tube in hoping that the scarring would resolve and when the tube was eventually removed the drainage opening would remain.
10. The tube was removed, but the opening became obstructed again due to the scarring. On 23 March 1999, Dr. Dutton made a final attempt to open the drainage path, again replacing the stints. At the time of the deposition, Dr. Dutton was still waiting to see if the procedure was successful. If not, and the opening obstructed again, Dr. Dutton intended to go back to the use of the Chandler tube. Because of the failure of several surgeries to create a drainage opening which would not obstruct, Dr. Dutton believed that plaintiff reached maximum medical improvement in 1996 when the first attempt at reconstruction was made.
11. As a result of her compensable injury, plaintiff has sustained permanent damage to and loss of the use of an important organ of the body, the left inferior canaliculus. The lacrimal system is a critical part of the body, necessary for the preservation of vision and lubrication of the eye. Plaintiff has suffered the complete loss of the lower half of the system. In addition, plaintiff continues to experience excessive tearing, eye pain in cold weather, burning pain in the corner and lower lid areas, itching at her nose, and irritation of the skin under the eye, which are a result of her compensable injury. Further, plaintiffs superior canaliculus has also been affected by the surgical procedures to bypass and later to reconstruct the lower tear duct. Fair and equitable compensation for the loss of the left inferior canaliculus and the damage to the left superior canaliculus is $15,000.00.
12. As a result of her compensable injury, plaintiff has suffered serious facial disfigurement in the form of swelling in the corner of her left eye due to the drainage tubing, discoloration and webbing of the skin under the left eye, the constant watery appearance of the left eye, and the visibility of the drainage tubing. The disfigurement elicits comment from persons with whom plaintiff has contact.
13. Plaintiff appeared before the Full Commission and a viewing of plaintiffs facial appearance was conducted.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. As a result of the compensable injury, plaintiff is entitled to compensation in the amount of $15,000.00 for permanent and total damage to the left inferior canaliculus, and damage to the left superior canaliculus. N.C. Gen. Stat. 97-31(34).
2. As a result of the compensable injury, plaintiff is entitled to compensation in the amount of $5,000.00 for serious facial disfigurement. N.C. Gen. Stat. 97-31(22).
3. Plaintiff is entitled to have the defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. 97-2(19).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorneys fee awarded below, defendants shall pay compensation in the amount of $15,000.00 to plaintiff for permanent damage to her left inferior canaliculus and damage to her left superior canaliculus.
2. Subject to a reasonable attorneys fee awarded below, defendants shall pay compensation in the amount of $5,000.00 to plaintiff for serious facial disfigurement resulting from her compensable injury.
3. A reasonable attorneys fee of twenty-five percent of the compensation awarded to plaintiff in paragraphs 1 and 2 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
4. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
5. Defendants shall pay the costs.
This the ___ day of August, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER